# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TOMMY LEFTWICH,**

     **Plaintiff,**

     **v.**

**Case No. 16-2112-JWL-GLR**

**CITY OF PITTSBURG, KANSAS, et al.,**

     **Defendants.**

## ORDER

The Court addresses Plaintiff's Motion to Extend Discovery Deadline and Preserve Rights to Enforce Discovery (ECF 68), filed March 1, 2017. It requests that the discovery deadline be extended. It also asks that Plaintiff be allowed to file future motions to compel, in order to address what he contends to be mishandling of discovery by Defendants. More specifically, future motions would address possible failures to implement a duty to hold and thus preserve relevant documents. A portion of Plaintiff's request appeared in Plaintiff's Motion to Compel (ECF 64), which the Court granted in part and denied in part on April 12, 2017. The Court denied the motion as to the duty to preserve documents and deferred its further determination, pending our ruling on the instant motion. For the reasons stated below, the Court grants in part and denies in part Plaintiff's instant motion.

As an initial matter, the Court notes that the motion lacks the required certification of completion of the conference requirements set forth in Federal Rule of Civil Procedure 26(c) and D. Kan. Rule 37.2. The record, however, plainly indicates the parties' good faith attempts at resolving the issue without involving the Court. Indeed, Defendants ultimately produced later documents based on conversations with Plaintiff's counsel. The Court finds that Plaintiff has satisfied the conference requirements set forth in Rule 26(c)(1) and D. Kan. Rule 37.2.

## I. Reopening Discovery to Address an Additional Defense

The Court finds this issue moot, because the motion requests "the discovery deadline be extended to allow for discovery as to [District Attorney Michael] Gayoso and the city attorney."[1] On March 28, 2017, Plaintiff deposed Mr. Gayoso. It is undisputed that City Attorney, Henry Menghini, will be deposed.[2] For these reasons the Court finds Plaintiff's motion has been fulfilled and is thus moot as to this issue.

Mootness aside, the Court agrees with Defendants against the contention by Plaintiff that discovery should be re-opened, because it has now revealed a new defense, i.e.: the "fear of harm." Plaintiff has known that his employment was terminated for allegedly creating a "hostile work environment" since his appeal of his termination in March 2014. Defendants' letter to the Equal Employment Opportunity Commission says Mr. Gayoso was concerned Plaintiff "was not thinking clearly" and "reported that Leftwich 'blew up' about the police department for 57 minutes."[3] In a meeting with Plaintiff before his termination, Chief Mendy Hulvey "felt intimidated by his behavior" and noted that Plaintiff was "extremely aggressive in his speech . . . and was drawing attention from other patrons."[4] Moreover, contrary to Plaintiff's contention, Defendants listed Mr. Gayoso and Mr. Menghini in their Initial Disclosures.[5] Finally, basic research into a "hostile work environment" would suggest that it could include *physical* harm.[6]

---

[1] ECF 82 at 9.

[2] The parties agree that Mr. Menghini will be deposed at some point in the near future. *See* ECF 101.

[3] ECF 64-11 at 11.

[4] ECF 68-1 at 64.

[5] In fact, Plaintiff listed both in his own Initial Disclosures. *Id.* at 85-86.

[6] By way of example, the first, suggested result on Google after searching "hostile work environment" is the EEOC's webpage detailing harassment, which states: "Offensive conduct may include, but is not limited to, offensive jokes, slurs, epithets or name calling, **physical assaults or threats**, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance." (emphasis added). U.S. Equal Employment Opportunity Commission Website, *Harassment*, https://www.eeoc.gov/laws/types/harassment.cfm (last accessed May 8, 2017).

For whatever help it may provide to the parties, however, the Court simply notes that it does not view the suggested "fear of harm" as a "new defense" or otherwise to justify a reopening of discovery. Plaintiff calls it a "new defense." He argues that only the most recent depositions have suggested that one or more of the defendants and perhaps others had become fearful that Plaintiff's continued employment might pose a threat of harm to them. Whether or not this be newly discovered evidence, the Court does not agree with Plaintiff's characterization of it as a new defense. It finds it more simply to be additional evidence in support of the defense that "Plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons." ECF 9 at 8.

As discovery proceeds in most cases, additional depositions, disclosures and responses, may indeed and often do reveal additional facts not known, understood, or appreciated earlier by the opposing party. Finding new evidence is indeed a basic function of discovery, as every litigation attorney should know. But it does not mean that the discovery of every new or additional piece of evidence, concept, theory or understanding somehow rises to the level of a new defense or to justify reopening the case for yet more revelation of the uncertain or unknown. A rule to the contrary, such as Plaintiff's argument suggests, would often lead to unjustified, repeated extensions and re-opening of discovery deadlines for reasons unnecessary to a fair preparation of the case for trial. Fed. R. Civ. P. 26(b)(1) calls for discovery "proportional to the needs of the case ." In this instance the Court finds nothing of consequence to justify a re-opening of discovery to pursue possibly additional evidence that fear of personal harm may or may not have been a factor in the termination of Plaintiff's employment. Much of the argument in Plaintiff 's motion and supporting memorandum will perhaps befit his cross-examination of

witnesses and his summations at trial.  But it does not justify re-opening the case for yet more discovery.

The motion, moreover, contains little if any description of what specific, additional discovery Plaintiff would pursue.  More depositions?  If so, of whom?  More interrogatories?  More requests for production?  If so, what more should be provided, in addition to the array of discovery Plaintiff appears already to have received?

The Court notes, moreover, that it entered its Scheduling Order (ECF 13) on July 29, 2016.  It set January 16, 2017, as the deadline for completion of discovery.  On December 21, 2016, it extended that deadline to February 28, 2017 (ECF 36), and on March 10, 2017 (ECF 73) further to March 30, 2017.  Thus a total of at least eight months for discovery.  By agreement of the parties, some discovery either has proceeded beyond those deadlines or will yet be concluded.  Both the docket and the briefings upon motions indicate that Plaintiff has pursued paper discovery and taken a substantial number of depositions.  The Court further notes the response of Defendants to the instant motion.[7]  It reports that Defendants have produced in discovery to Plaintiff twenty personnel files, 3,000 pages of e-mails and over 8,500 pages of documents.  The Court finds no denial of these numbers.  It also finds no valid need to re-open the door for yet more depositions and responses, unless it be by agreement of the parties to fulfill commitments already made or otherwise.

The Court conducted a pretrial conference on March 30, 2017.  It entered a Pretrial Order (ECF 89) on April 11, 2017.  It recognized the discovery deadline of March 30, but also the instant pending motion.  The Pretrial Order further provides that, "Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing

---

[7] ECF 74.

of or ruling on dispositive motions or other pretrial preparations."[8]  And it retains a trial setting of October 2, 2017.  All parties have indicated their desire to maintain that setting, notwithstanding the pending motions.  They include a motion for summary judgment (ECF 93), the briefing of which has been extended to allow for ruling upon the pending discovery matters.

Given the briefing upon the instant motion and the history and present status of the case, the Court does not find that Plaintiff has shown any adequate need or grounds for resetting the discovery deadline.  Nor has he demonstrated reasonable grounds for entering an order, as he proposes, "to file discovery related motions pertaining to items raised herein."[9]  Remaining for the Court to complete, of course, is an in camera review of documents which may yet be subject to production to Plaintiff, to the extent they are not protected by attorney-client privilege. Additional discovery motions, of course, remain possible, if not probable.  But in applying Fed. R. Civ. P. 26(b)(1), the Court finds that Plaintiff has not carried his burden to show that his requests for yet more discovery and related, possible motions are "proportional to the needs of the case," whether or not they otherwise be relevant.

## II.  Preservation Issues

In both his motions to compel Plaintiff provides a generalized assertion that Defendants have engaged in discovery misconduct, e.g. not fully responding to Plaintiff's discovery requests, not conducting adequate searches for responsive documents, or even when subsequent searches were conducted, the timing of production hindered discovery (e.g. having the document ready for a deposition).  Plaintiff thus requests "any documents or directives given to Defendants (or responses thereto) which are about the subject of Defendants' duty to preserve [Electronically Stored Information] pertaining to Plaintiff and his claims, and any efforts Defendants undertook

---

[8] ECF 89 at 14.

[9] ECF 68 at 1.

to search for and preserve such [Electronically Stored Information], and when those efforts occurred."[10]

The Court will first address the timeliness of Plaintiff's motion, even though Defendants did not raise it. D. Kan. Rule 37.1(b) states that "[a]ny motion to compel discovery . . . must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." If not filed within that 30-day period (and no extension is requested and granted), "the objection to the default, response, answer, or objection is waived."[11] The instant motion may or may not violate this Rule, depending on how the motion is construed.

On one hand, Plaintiff seeks only information regarding Defendants' preservation efforts. Plaintiff bases this request on the fact that he learned from an email of January 30, 2017 that Defendants had not backed up or "locked down" the City's servers, which contain relevant information and were subject to the litigation hold. Plaintiff's motions filed on February 9, 2017 and March 1, 2017 are timely, as they were within thirty-days from Defendant's "response"—in this case, an email. On the other hand, Plaintiff's motions attack Defendants' interpretation of, and response to, his Requests for Production. Defendants served their response to Plaintiff's Request for Production on September 28, 2016. In this light Plaintiff's motions are untimely, having been filed after the 30-day period provided by D. Kan. Rule 37.1(b). His objections to Defendants' interpretation of his requests and subsequent production of responsive documents would be deemed waived.

The Court finds Plaintiff's motions are timely, however, inasmuch as they seek discovery only as to Defendants' preservation efforts. To the extent they seek other responsive but

---

[10] ECF 64 at 3.

[11] D. Kan. Rule 37.1(b).

unproduced documents, Plaintiff's objection is untimely and thus the Court deems his objection

to Defendants' production waived.  Accordingly, the Court does not address several of Plaintiff

arguments that pertain to discovery, generally—such as Defendants' incorrect interpretation of

Plaintiff's request for production and Defendants' unilaterally selecting which email accounts to

search.

The Court now turns to the only timely discovery request: documents or communications

pertaining to Defendants' discovery efforts.  Plaintiff begins his request with his previous motion

to compel, complaining that Defendants failed to preserve electronically stored information

("ESI").  In May 2014 Plaintiff sent Defendants a letter about their duty to preserve ESI.  As part

of the scheduling conference on July 26, 2016, Defendants submitted (together with Plaintiff) the

following, which was included in Section 2(h) of the Scheduling Order:

> Plaintiff's counsel requested information about ESI preserved by
> Defendants. Defense counsel has indicated that, upon learning of
> Plaintiff's intention to pursue a legal claim, it implemented a
> litigation hold as to all email, and documents created during the
> relevant time period would have been created on the City's server
> and these documents likewise are being preserved by the City.
> Defense counsel has also indicated that text messages from devices
> used by individual Defendants Hulvey and Fry for the relevant
> time period have been preserved. Defense counsel is still checking
> into the status of text messages for the relevant time period that
> were created or received by Detective Hatcher and Defendant Hall
> on their City issued mobile devices.[12]

In January, after being pressed by Plaintiff, Defendants sent him an email stating: "The city

server was not backed up or 'locked down' pursuant to the litigation hold.  City employees were

instructed to preserve documents related to Mr. Leftwich's termination, which were turned over

to counsel.  It is our belief that all such documents, including native form documents, have been

---

[12] ECF 13 at 5.

produced."[13]  Plaintiff argues this is a clear violation of Defendants' representation to the Court that was codified in the Scheduling Order.

Plaintiff expands his suggestions in his second motion to compel, the motion now before the Court.[14]  According to Plaintiff, City Manager Hall allegedly indicated that "despite any representations made to the Court about the City server being backed up, locked down, or preserved, his understanding from the beginning of Plaintiff's case is that doing those things was not possible, and thus those things did not happen."[15]

Defendants conditionally objected to Plaintiff's proposed discovery, asserting only attorney-client privilege as to some of the documents.  Indeed, Defendants welcomed Plaintiff to conduct discovery regarding what Defendants did to preserve documents and when they did so. They merely asserted that some of their communications regarding preservation efforts are subject to attorney-client privilege because some communications were made at litigation counsel's direction.

The Court addressed the standards for asserting attorney-client privilege in its Order of April 12; so it will not repeat them here.[16]  Defendants cite numerous cases in support of their contention that communications directing a litigation hold are privileged.[17]  Plaintiff counters that their actions are inconsistent with their earlier representations at the scheduling conference and the Scheduling Order.  He specifically contends that, because of Defendants' representation

---

[13] ECF 64-5 at 2.

[14] ECF 68.

[15] ECF 68 at 9.  Curiously, Plaintiff does not cite to Hall's actual deposition testimony to support his assertion.

[16] ECF 88.

[17] *See Helget v. City of Hays*, 2014 WL 1308890 (D. Kan. Mar. 28, 2014); *Apsley v. Boeing Co.*, 2008 WL 5211001, at *1 (D. Kan. Dec. 9, 2008); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638 (D. Kan. 2006) (recognizing that communications among non-attorneys are privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services).

to the Court regarding the litigation hold, he was unaware he needed a formal preservation order under Federal Rule of Civil Procedure 26(f)(3)(C) and (F).  Whether or not this argument has merit, it does not defeat the attorney-client privilege asserted by Defendants in response to the requested discovery.  The Court thus finds Plaintiff is entitled to discovery regarding Defendants' preservation efforts, but such discovery may be limited by attorney-client privilege.

## III.  Conclusion

The Court thus orders Defendants to produce to Plaintiff communications regarding preservation efforts, subject to withholding or partial redaction of any documents or communications they may contend to be protected by attorney-client privilege.  The Court reminds Defendants that legal advice must predominate such communications, if the privilege is to apply.[18]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Discovery Deadline and Preserve Rights to Enforce Discovery (ECF 68) is granted in part and denied in part.  It is denied as to discovery relating to what Plaintiff has described as a "fear of harm" defense.  The motion is granted with respect to discovery regarding efforts of Defendants to preserve documents, but denied to the extent Plaintiff requests any discovery based on Defendants' responses to his Requests for Production.  And the motion is otherwise denied for the reasons hereinabove stated.

---

[18] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 443 (D. Kan. 2009) (citing *Burton v. R.J. Reynolds Tobacco Co.,* 170 F.R.D. 481, 484 (D. Kan. 1997)).

**IT IS FURTHER ORDERED** that, within 14 days of this Order, Defendants shall produce to Plaintiff any discovery relating to their efforts to preserve evidence subject to the litigation hold requested in May 2014.

Dated May 23, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge