# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Tommy Leftwich,

        Plaintiff,

                                          Case No. 16-2112-JWL

v.

City of Pittsburg, Kansas; Megan Fry;
Mendy Hulvey; and Daron Hall,

        Defendants.

## MEMORANDUM & ORDER

On April 12, 2017, the magistrate judge issued an order (doc. 88) in which he concluded that the defendants had voluntarily waived the attorney-client privilege with respect to the City Attorney's advice relating to the decision to terminate plaintiff's employment. Based on that waiver, the magistrate judge ordered defendants to produce to plaintiff the first twelve documents identified on defendants' amended privilege log. Those documents revealed privileged communications that occurred on or before the date of plaintiff's termination. The magistrate judge ordered an in camera review of the remaining documents on the privilege log—documents revealing privileged communications that occurred after plaintiff's termination.

Thereafter, plaintiff filed a supplemental brief seeking the production of any privileged communications relating to plaintiff's appeal of his termination because, according to plaintiff, the first twelve documents from the log clearly indicated that the termination decision and plaintiff's appeal of that decision constituted the "same subject matter" for purposes of

analyzing whether defendants' waiver of the privilege as to legal advice concerning the termination decision should extend to legal advice concerning the appeal of the termination decision. *See* Federal Rule of Evidence 502(a). On May 23, 2017, the magistrate judge issued an order (doc. 111) in which he concluded under Rule 502(a) that plaintiff's appeal of the termination decision constituted the same subject matter as the termination decision and that fairness dictated the disclosure of privileged communications concerning plaintiff's appeal of the termination decision.

This matter is presently before the court on defendants' motion to review, pursuant to Federal Rule of Civil Procedure 72(a), the magistrate judge's May 23, 2017 order requiring the production of all other documents on the amended privilege log. Because the magistrate judge's order relates to a non-dispositive pretrial matter, the court utilizes a highly deferential standard under which defendants must show that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In this case, the magistrate judge's order was neither clearly erroneous nor contrary to law and, thus, the court denies the motion.[1]

---

[1] In the "background" section of his May 23, 2017 memorandum and order, the magistrate judge suggests that his April 12, 2017 order requiring the production of the first twelve documents on the amended privilege log was based on a finding that the communications therein contained business advice as opposed to legal advice such that the communications were not privileged in the first instance. In their motion to review, defendants assert that the magistrate judge's order is clearly erroneous to the extent it suggests that the judge had determined that any of the city attorney's communications in this case were non-privileged "business" communications. Plaintiff does not address this issue at all in his response and the court agrees that the magistrate judge's April 12, 2017 does not suggest a finding that the communications were non-privileged business communications. The background section of the magistrate judge's May 23, 2017 order, however, does not bear on the magistrate judge's ultimate ruling in any respect. The court, then, disregards this aspect of defendants' motion.

2

In their motion, defendants contend that the magistrate judge's order constitutes a clearly erroneous application of Rule 502(a) that warrants reversal. Under Federal Rule of Evidence 502(a), a disclosure that waives the attorney-client privilege extends to undisclosed communications if the waiver is intentional; the disclosed and undisclosed communications or information concern the same subject matter; and they ought in fairness to be considered together. *Sprint Communications Co. v. Comcast Cable Comms. LLC*, 2014 WL 3611665, at *4 (D. Kan. 2014) (citing Fed. R. Evid. 502(a)). Defendants challenge the magistrate judge's finding that the termination decision and plaintiff's appeal of that decision constitute the "same subject matter" and his finding that "fairness" required disclosure of the additional documents.[2]

As defendants concede, there is no "bright line test for determining what constitutes the subject matter of a waiver." *Id*. at *3 (quoting *Fort James Corp. v. Solo Cup Co*., 412 F.3d 1340, 1349–50 (Fed. Cir. 2005)). Here, the magistrate judge reasonably concluded that the decision to terminate plaintiff's employment and plaintiff's appeal of that decision—both of which undisputedly involved significant input and advice from the city attorney—constituted the same subject matter for purposes of Rule 502(a). The key fact underlying the magistrate judge's ruling is that the termination decision and the appeal of that decision were inextricably linked by defendants themselves, as evidenced in an email concerning the termination decision in which the city attorney wrote that plaintiff should be given the reasons for his termination only if he appealed that decision. Further evidence that the termination decision and the appeal process

---

[2] Rule 502(a) applies to an "intentional waiver." It is unclear whether that requirement means that the privilege-holder must not only intend to disclose the communication but also intend that the disclosure operate as a waiver. 23 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5444 (1st ed. 2015). Regardless, defendants do not challenge this aspect of the magistrate judge's order.

3

were linked by defendants is found in the documents provided to the magistrate judge for in camera review. Those documents, for example, indicate that defendants intended to use the appeals process as an opportunity to demonstrate to plaintiff that the termination decision was justified and to flesh out the reasons for that decision.[3] Finally, the court notes that the documents in question span a fairly limited time period—from February 25, 2014 through March 31, 2014. Contrary to defendants' argument, then, the magistrate judge did not find an "expansive subject matter waiver."

The magistrate judge also concluded under Rule 502(a) that fairness required disclosure of the additional documents identified in the amended privilege log. Defendants assert that this finding was erroneous because the fairness aspect of Rule 502(a) is limited to those situations in which a party selectively and deliberately discloses documents in an effort to present a one-sided presentation of evidence, to the disadvantage of his or her adversary. *See id.* at *4 (quoting Explanatory Note to Rule 502). Defendants urge that no evidence of such conduct exists in this case. The court cannot draw that conclusion on the record before it. The magistrate judge concluded that defendants waived the privilege by intentionally injecting into the case, through their position statement to the EEOC and the deposition testimony of a witness, the city attorney's participation in the termination decision.[4] After placing that issue into the case,

---

[3] Plaintiff contends that the court must deny defendants' motion without reaching the merits because defendants have failed to provide to the court the documents that were submitted to the magistrate judge for in camera review such that the record before the court is inadequate. The court rejects this argument and treats the documents that were submitted to the magistrate judge as part of the record of the case. The court retrieved those documents from the magistrate judge to review prior to resolving defendants' motion.

[4] In passing, defendants assert in their motion that their position statement to the EEOC does not reveal the substance of any legal advice solicited or received from the city attorney. To the

4

defendants opposed the disclosure of information concerning the city attorney's involvement in the appeal process. But the communications about plaintiff's appeal tend to clarify or explain the communications already disclosed about the termination decision. Thus, a "complete and accurate presentation" about the city attorney's participation is required to avoid "any misleading impression created by taking matters out of context." *See* Notes to Rules 502(a) & 106 (the fairness requirement in Rule 502(a) is simply "an expression of the rule of completeness"; language concerning "fairness" in Rule 502(a) is taken from Rule 106 because the "animating principle is the same").

Lastly, defendants urge that that they do not intend to rely on an advice-of-counsel defense at trial and suggest that this reason is a basis to deny an expansion of the waiver that occurred. But the issue of whether a privilege-holder has put its counsel's advice at issue in a case is pertinent to a determination of whether the privilege was waived in the first instance—a determination that was made previously by the magistrate judge and was not challenged by defendants. *See United States v. Pinson*, 584 F.23d 972, 977 (10th Cir. 2009) (when party interjects advice-of-counsel as an element of a claim or defense, the party waives the privilege as to all advice received concerning the same subject matter). Here, the magistrate judge concluded that defendants waived the privilege when they disclosed attorney-client communications in their position statement to the EEOC and when a witness testified during his deposition about privileged communications. Thus, the only issue here is whether the waiver that already occurred should extend to the same subject matter under Rule 502(a). The issue of

---

extent defendants suggest that they did not waive the privilege in their position statement, that issue was resolved by the magistrate judge and defendants never sought review of that decision.

5

whether defendants intend to rely on an advice-of-counsel defense is not pertinent to that determination. *See Shionogi Pharma, Inc. v. Mylan Pharmaceuticals, Inc.*, 2011 WL 6651274, at *4 (D. Del. Dec. 21, 2011) ( Rule 502(a) is intended to address only the appropriate scope of a waiver and not whether a waiver has occurred in the first instance).

For the foregoing reasons, the court does not find that the magistrate judge's conclusion that defendants' waiver as to the termination decision should be extended to plaintiff's appeal of that decision is clearly erroneous. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to review the magistrate judge's May 23, 2017 memorandum and order (doc. 114) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendants shall produce the remaining documents on their amended privilege log on or before **Friday, June 30, 2017**. Consistent with the court's prior order of May 5, 2017, the deposition of Henry Menghini must be taken no later than **July 30, 2017**; plaintiff's response to defendants' motion for summary judgment must be filed on or before **Friday, August 11, 2017**; and defendants' reply brief must be filed on or before **Friday, August 25, 2017**. The court will endeavor to resolve the motion to summary judgment at least 30 days prior to trial, which the court hereby sets to start on **Monday, October 16, 2017.**

**IT IS SO ORDERED.**

Dated this 27th day of June, 2017, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge